UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CHASE BANK USA, N.A., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DISPUTE RESOLUTION ARBITRATION ) <br> GROUP, a Nevada corporation; ) <br> ARBITRATION SERVICES GROUP, a ) <br> Nevada corporation; AMERICAN ) <br> ARBITRATION SERVICES ) <br> CORPORATION, a Nevada corporation; ) <br> CONSUMER ARBITRATION GROUP, a ) <br> Nevada corporation, and MARK SWANSON, ) <br> an individual, inclusive, ) <br> ) <br> Defendants. ) <br> ) | 02:05-CV-1208-LRH (LRL) <br><br> ORDER |

Presently before this court is Plaintiff's, Chase Bank USA ("Chase"), motion for a preliminary injunction (#3[1]). Defendants, Dispute Resolution Arbitration Group ("DRAG"), Arbitration Services Group ("ASG"), American Arbitration Services Corporation ("AASC"), Consumer Arbitration Group ("CAG") and Mark Swanson (collectively "Defendants"), have submitted an opposition (#18) as well as counter-motions to dismiss for failure to join Rule 19 parties and to strike hearsay statements from a proffered affidavit (#19). Plaintiff has filed a reply and opposition (#24) and no further filings have been made.

**FACTUAL AND PROCEDURAL BACKGROUND**

Chase is a national bank which does some business in Nevada. As part of its business

---

[1] References to (#XX) refer to the court's docket.

ventures, Chase provides credit cards to its customers. As part of the agreement between Chase and its customers, any disputes between Chase and its customers concerning the credit card is to be arbitrated. The arbitration clause in the credit card agreement states:

> Any claim, dispute or controversy by either you or us against the other . . . arising from or relating in any way to your Account . . . shall be resolved exclusively and finally by binding arbitration. . . .
>
> . . . .
>
> The party bringing the Claim may select any one of three national arbitration organizations to administer the arbitration of the Claim: the National Arbitration Forum ("NAF"), JAMS/Endispute ("JAMS"), or the American Arbitration Association ("AAA"). . . .

Pl.'s Mot. for Prelim. Inj. (#3) Ex. 4(A).

DRAG, ASG, AASC and CAG are all companies alleged to be owned or controlled by Mark Swanson. Each engages in arbitration services for credit card holders. Frequently, Defendants engage in arbitration which purports to eliminate the credit card debt of their customers and sometimes even enter an award against the issuer of the credit card at issue. Chase has had several of its credit card holders attempt to eliminate the debt owed on their cards by engaging in arbitration run by Defendants. While Chase has notified Defendants that they are without authority to issue arbitration awards under the credit card agreements, Defendants have not ceased their activities.

In response to Defendants actions, Chase filed the present lawsuit seeking both preliminary and permanent injunctions, damages for Intentional Interference with Contractual Relations, Defamation and Civil Conspiracy, and declaratory relief.

**LEGAL STANDARD FOR PRELIMINARY INJUNCTION**

A court may issue a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(b). The Ninth Circuit uses two alternative tests to determine whether a preliminary injunction should issue. According to the "traditional test" the equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest. *Textile Unlimited, Inc. v. A..BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir.2001) (citing *Los Angeles Mem'l Coliseum*

*Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1200 (9th Cir.1980)).  In the alternative, the Ninth Circuit uses a "sliding scale" or balancing test where preliminary injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor.  *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir.2001) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir.2000)).

## DISCUSSION

*1.     Preliminary Injunction*

The first issue before the court is whether Chase has demonstrated that a preliminary injunction is appropriate in this matter.  As noted in the following discussion, the court finds that Chase has shown that it will probably succeed on the merits of its claims and that there is a possibility of irreparable harm if an injunction does not issue.  Thus, barring any defenses to the injunction request raised by Defendants, an injunction will be proper.

Concerning Chase's probability of success on the merits, the court finds that Chase has demonstrated probable success on the merits of its intentional interference with contractual relations claim.  In Nevada, intentional interference with contractual relations claims require proof of five elements: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage.  *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003).

Chase has provided to the court evidence of a valid written contract between itself and clients who chose to use credit cards issued by Chase.  Further, Chase has demonstrated that it notified Defendants of the terms of those contracts and of Defendants' lack of authority to arbitrate claims between Chase and its clients.  Chase also alleged that the arbitration proceedings were designed to aid those seeking to eliminate their credit card debt, thus showing a design to disrupt the original contract between Chase and its credit card holders.  In addition, Chase alleged and demonstrated that certain contractual relationships have indeed been

1  disrupted, as Defendants' clients have ceased to make payments on their debts and are filing suits
2  in court to affirm their arbitration awards.  Finally, Chase has demonstrated that it has suffered
3  damages through its need to continually fight these alleged sham arbitration awards and in the
4  lost payments from customers who no longer believe they need to honor their credit card debts.
5  While these allegations and demonstrations can not guarantee Chase will ultimately prevail, as
6  no opposing evidence has yet come to light, they are sufficient for the court to conclude that
7  Chase can claim probable success on the merits of its intentional interference with contractual
8  relations claim.
9       The next question is whether Chase has demonstrated the possibility of irreparable injury.
10 Chase has provided sufficient evidence to demonstrate the possibility of irreparable injury.  The
11 court finds that if Defendants are allowed to continue conducting their alleged sham arbitration
12 hearings, Chase may possibly suffer the irreparable injury of having to enter into arbitration
13 proceedings in which the arbitrator has no jurisdiction to hear the matter and does not have
14 Chase's consent to act as an authority in the matter.  *See Textile Unlimited, Inc. v. A..BMH &*
15 *Co.*, 240 F.3d 781, 787 (9th Cir. 2001) (noting in a contract dispute that a determination that
16 irreparable harm would occur if arbitration proceedings were not stayed was not clearly
17 erroneous); *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507, 515 (3d Cir. 1990) (finding that
18 failure to enjoin improper arbitration proceedings would constitute irreparable harm), overruled
19 on other grounds by *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85 (2002).
20       a.    Alleged Defenses
21       Defendants have raised two arguments in opposition to the court issuing a preliminary
22 injunction in this matter.  The first claims that Defendants are entitled to arbitral immunity.  The
23 second claims that Chase is precluded from seeking a preliminary injunction based on the
24 doctrine of laches.
25       Arbitral immunity protects an individual arbiter from liability for acts taken within their
26 jurisdiction and arising out of their arbitral functions in contractually agreed upon arbitration
27 hearings.  *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987).  In the present
28 case, the arbitration clearly states that only three agencies, none of which are the defendant

companies, are contractually permitted to engage in arbitration services between Chase and its credit card holders. Accordingly, arbitral immunity will not prevent the requested injunction because Defendants were not acting within their jurisdiction arising out of a contractual agreement when they conducted their arbitration proceedings.

Defendants' laches claim contends that Chase should be precluded from seeking the present injunction because it failed to timely avail itself of the opportunities it had to challenge the arbitration awards prior to filing suit. For arbitration to work, it must not be subjected to undue judicial interference. *Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1483 (9th Cir. 1993). Thus, parties are generally required to raise their complaints about arbitration during the arbitration process itself, when that is possible. *Id.* Accordingly, "it is well settled that a party may not sit idle through an arbitration procedure and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse." *Id.* at 1484 (noting problems such as arbitrator bias, adequacy or form of procedures, violation of duty of fair representation and claims that arbitration was not fairly conducted are all to be raised before the arbitrator).

The present case, however, asks whether a party must subject itself to an arbitrator's determination that it has jurisdiction to arbitrate despite a contract which suggests that such jurisdiction does not exist. In this regard, the court is persuaded by the logic of the First Circuit. In *MCI Telecommunications Corp. v. Exalon Industries, Inc.*, the question before the court was whether a person "who in fact has not been a party to a written arbitration agreement but who is on notice that an arbitration proceeding has been invoked claiming to have binding effect against his/her interests, [can] be obligated by the outcome unless an affirmative challenge is made against the award." 138 F.3d 426, 429-30 (1st Cir. 1998). While discussing the enforcement procedures of the Federal Arbitration Act ("FAA"), the First Circuit concluded that the requirements of the FAA do not come into play unless there is a written agreement to arbitrate. "A party that contends that it is not bound by an agreement to arbitrate can therefore simply abstain from participation in the proceedings, and raise the inexistence of a written contractual agreement to arbitrate as a defense to a proceeding seeking confirmation of the arbitration

1  award." *Id.* at 430.

2  Chase has shown that a contractual agreement existed which compelled arbitration
3  between Chase and its credit card holders.  However, that agreement specifically defined that
4  arbitrators which could hear any disputes.  Defendants are not listed in that definition.
5  Accordingly, the court concludes that the reasoning of the First Circuit is applicable here.  As
6  there was no written contractual agreement to use Defendants as arbitrators, Chase was not
7  required to attend the arbitration simply to contend that the arbitrator had no jurisdiction to hear
8  the matter.  Further, Chase need not wait until its credit card holders begin legal proceedings to
9  attempt to remedy the allegedly improper arbitration proceedings.  As Chase has not slept on its
10 rights by failing to contest the initial arbitration proceedings for lack of jurisdiction, the defense
11 of laches does not preclude the issuance of a preliminary injunction.  *See Kourtis v. Cameron*,
12 419 F.3d 989, 1000 (9th Cir. 2005) (holding that laches bars the claims of a plaintiff "who with
13 full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights").

14              *2.    Counter-motion to Dismiss*

15 Defendants have filed a counter-motion to dismiss the proceedings because Chase has
16 failed to join indispensable parties to the action pursuant to Federal Rule of Civil Procedure 19.
17 Rule 19 dictates that a party should be joined to an action when (1) the person's absence
18 precludes the granting of complete relief or (2) the failure to include that party will potentially
19 impair that party's rights or subject the existing defendants to multiple or inconsistent
20 obligations.  Fed.R.Civ.P. 19(a).  Dismissal may be appropriate when such a party has been
21 identified but cannot be joined.  Fed.R.Civ.P. 19(b).

22 In the present case, Defendants allege that other parties may be required based on the
23 scope of the injunction requested.  However, there are no factors presented to the court which
24 show that a third party will not be able to protect their interests if Defendants are enjoined from
25 further arbitrating cases involving Chase credit cards or that full relief cannot be obtained
26 without the addition of additional parties.  As Chase is seeking an injunction and damages based
27 purely on what it considers to be sham arbitration proceedings conducted by Defendants, there
28 appears to be no justified reason to include further parties pursuant to Rule 19.  Further, if the

1  injunction covers activities not engaged in by Defendants, then they will be in compliance merely
2  by continuing not to engage in those activities.  Such a potential issue does not mandate the
3  addition of additional parties if the true wrongs sought to be enjoined are covered by the
4  injunction.
5         3.    *Counter-motion to Strike*
6         Finally, Defendants have filed a counter-motion to strike hearsay statements contained
7  within an affidavit provided by Chase to support its motion for a preliminary injunction.  Chase
8  has responded by alleging that the hearsay objections are without proper foundation and that they
9  are immaterial to the underlying motion in any event.  The statements sought to be struck from
10 consideration are paragraphs four, five and six of Angela Szlezak's affidavit.  These paragraphs
11 discuss her impression of the sham nature of Defendants' business and provide specific numbers
12 for alleged damages.
13        The court agrees with Chase that these statements are immaterial to the preliminary
14 injunction.  While they would provide helpful insights into the specific amount of damages
15 suffered by Chase and the purposes behind Defendants' business transactions, alternative
16 evidence has been presented to the court which renders these statements cumulative.
17 Specifically, Chase has attached multiple state court filings demonstrating that arbitration awards
18 have been issued and that Chase credit card holders are attempting to enforce those judgments.
19 Enforcement of those judgments would reduce or eliminate the card holders' debt and expose
20 Chase to potential liability.  Accordingly, the court notes that it has not considered the statements
21 objected to by Defendants in reaching its conclusion and therefore denies as moot Defendants'
22 motion to strike those statements on the ground of hearsay.
23        4.    *Bond*
24        Having found that a preliminary injunction is appropriate in this matter, the issue of a
25 bond amount pursuant to Federal Rule of Civil Procedure 65(c) remains.  Defendants have
26 requested a bond in the amount of one million dollars, but have provided no evidence
27 demonstrating the need for such an amount.  The court has been notified of a prior similar
28 injunction issued against AASC in a separate case (02:05-CV-0079-LDG (PAL)) in which a

1  bond of one thousand dollars was deemed appropriate. As the court sees no reason to increase
2  this amount, a bond of one thousand dollars will be required.
3       It is therefore ORDERED that Defendants' Counter-motion to Strike Hearsay Statements
4  (#19) is DENIED as moot;
5       It is further ORDERED that Defendants' Counter-motion to Dismiss for failure to join
6  Rule 19 parties (#19) is DENIED;
7       It is further ORDERED that Chase's Motion for Preliminary Injunction (#3) is
8  GRANTED:
9       Defendants are prohibited from
10           (1) conducting any arbitration proceedings involving Chase and its current and
11  former affiliates;
12           (2) issuing any arbitration award involving Chase and its current and former
13  affiliates;
14           (3) filing, entering, moving, or taking any such legal action in any court of
15  competent jurisdiction with regard to any arbitration award involving Chase and its current and
16  former affiliates;
17           (4) interfering in any way with any of Chase's relationships with its credit card
18  holders;
19           (5) any solicitation or contact with Chase credit card holders;
20           (6) issuing, publishing and/or otherwise disseminating any forms to modify
21  agreements involving Chase credit card holders to include arbitration provisions, arbitration
22  demand, arbitration awards, and any instructions regarding the same;
23           (7) transferring or assigning any matters involving Chase credit card holders;
24           (8) destroying any documents or data retention devices containing information
25  related to Chase and/or its credit card holders, and;
26           (9) assisting, advising, or otherwise indirectly participating with any of the
27  foregoing activities;
28  ///

1     It is further ORDERED that the preceding injunction shall be in place upon the entry of
2 this Order and the posting of a $1,000 bond (or equivalent in cash or certified funds) by Chase.
3     DATED this 9th day of June, 2006.

_____
LARRY R. HICKS
United States District Judge