UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CHASE BANK USA, N.A., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DISPUTE RESOLUTION ARBITRATION )<br>GROUP, a Nevada corporation, et al., )<br>)<br>Defendants. )<br>) | 02:05-CV-1208-LRH (LRL)<br><br>ORDER |

Presently before this court is Plaintiff Chase Bank USA's ("Chase") motion for summary judgment (#102[1]). Defendants, Dispute Resolution Arbitration Group ("DRAG"), Arbitration Services Group ("ASG"), American Arbitration Services Corporation ("AASC"), Consumer Arbitration Group ("CAG") and Mark Swanson (collectively "Defendants") have failed to oppose Chase's motion.

**FACTS AND PROCEDURAL HISTORY**

Chase is a national bank which does some business in Nevada. As part of its business ventures, Chase provides credit cards to its customers. As part of the agreement between Chase and its customers, any disputes between Chase and its customers concerning the credit card are to be arbitrated by either the National Arbitration Forum, JAMS/Endispute or the American Arbitration Association. Pl.'s Mot. for Summ. J. Ex. 1.

DRAG, ASG, AASC and CAG are all companies alleged to be owned or controlled by Mark Swanson. Each engages in arbitration services for credit card holders. Frequently,

---

[1] References to (#XX) refer to the court's docket.

1  Defendants engage in arbitration proceedings which purport to eliminate the credit card debt of
2  their customers. Sometimes these companies even enter an award against the issuer of the credit
3  card. Chase has had several of its credit card holders attempt to eliminate the debt owed on their
4  cards by engaging in arbitration proceedings offered by Defendants. While Chase has notified
5  Defendants that they are without authority to issue arbitration awards under the credit card
6  agreements, Defendants have not ceased their activities.
7        The present lawsuit was instituted to recover for damages to Chase's financial state and
8  its reputation as a credit card issuer. Injunctions were also sought to force Defendants to cease
9  their actions. This court previously entered a preliminary injunction based on Chase's
10 arguments. Thus, the court considers the parties well apprised of the facts. Where additional
11 facts are relied upon in this order, the court will recount them as necessary.

12       **LEGAL STANDARD FOR SUMMARY JUDGMENT**

13       A court must grant summary judgment if the pleadings and supporting documents, when
14 viewed in the light most favorable to the non-moving party, "show that there is no genuine issue
15 as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.
16 R. Civ. P. 56(c). An issue as to any material fact is only "genuine" if the evidence regarding the
17 disputed fact is "such that a reasonable jury could return a verdict for the nonmoving party."
18 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of
19 evidence in support of the [movant]'s position will be insufficient [to preclude summary
20 judgment]; there must be evidence on which the jury could reasonably find for the [movant]." *Id.*

21       **DISCUSSION**

22       Chase's first cause of action seeks recovery for intentional interference with contractual
23 relations. Intentional interference with contractual relations requires proof of (1) a valid and
24 existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or
25 designed to disrupt the contractual relationship; (4) actual disruption of the contractual
26 relationship; and (5) damages. *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003). The
27 court's review of the evidence presented by Chase demonstrates that Chase and its customers
28 entered into contracts for the use of credit cards. Those contracts were known by Defendants and

1  were disrupted by Defendants intentional acts in that customers were led to believe they were no
2  longer obligated to pay their contracted debts or that they were owed payments by Chase.  In
3  addition, customers were led to believe that Defendants' arbitration services were appropriate
4  under their contracts.  Given these undisputed facts, the court concludes that Chase is entitled to
5  summary judgment on its claim for intentional interference with contractual relations.

6        Chase's second claim is for defamation.  Defamation is proven by showing: (1) a false
7  and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged
8  publication to a third person; (3) fault amounting to at least negligence; and (4) actual or
9  presumed damages.  *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).  "Certain classes of
10  defamatory statements are, however, considered defamatory per se and actionable without proof
11  of damages."  *Id.*  The disparagement of one's trade or business falls within these classes.  *Branda*
12  *v. Sanford*, 637 P.2d 1223, 1225 (Nev. 1981).  The undisputed evidence provided by Chase
13  demonstrates that Defendants made statements which were false and defamatory regarding
14  Chase's business practices.  Specifically, Defendants claimed without support that Chase's credit
15  card business imposed unconscionable and unenforceable obligations upon cardholders.  The
16  evidence creates a sustainable inference that these statements were made, at least, negligently, as
17  they were relayed to cardholders and repeated in arbiter training sessions.  Accordingly, the court
18  concludes that Chase is entitled to summary judgment on its defamation claim.

19        Chase's third claim seeks damages for civil conspiracy.  An actionable conspiracy
20  requires (1) the formation and operation of a conspiracy; (2) a wrongful act or acts done pursuant
21  thereto; and (3) damage resulting from the conspiracy.  *See Collins v. Union Fed. Sav. & Loan*
22  *Ass'n*, 662 P.2d 610, 622 (Nev. 1983) (citing *Wise v. S. Pac. Co.*, 223 Cal.App.2d 50, 64 (1963)).
23  Upon review of the evidence presented by Chase, the court concludes that summary judgment is
24  appropriate on this claim as well.  The uncontested evidence demonstrates that Defendants
25  conspired with third parties to interfere with Chase's known contractual relationships and that
26  some harm arose from that conspiracy.

27        Chase's fourth claim seeks to impose liability upon Defendant Swanson based on the
28  alter ego doctrine.  To demonstrate that a corporation is merely the alter ego for an individual,

3

1  one must show that: (1) the corporation was influenced and governed by the person asserted to be
2  the alter ego; (2) there is such a unity of interest and ownership that one is inseparable from the
3  other; and (3) the facts must be such that adherence to the corporate fiction would sanction a
4  fraud or promote injustice.  *LFC Mktg. Group, Inc. v. Loomis*, 8 P.3d 841, 846-47 (Nev. 2000).
5  Once again, the court finds summary judgment to be appropriate.  Chase has demonstrated that
6  no evidence shows that corporate formalities were followed while it is apparent that Defendant
7  Swanson created the corporations at issue in order to further his tortious activities.  As such,
8  failure to pierce the corporate veil would promote injustice by potentially precluding recovery by
9  Chase.
10         Chase's final claim seeks a permanent injunction should the court conclude summary
11  judgment is appropriate on Chase's other claim based upon the court's prior grant of a temporary
12  injunction.  While the court believes a permanent injunction may be appropriate, Chase's
13  decision not to engage in any further discussion of the likely irreparable harm it would suffer or
14  of the other elements required for a permanent injunction to issue leaves the court without a
15  foundation to support such an order.  However, given that Chase has requested an opportunity to
16  prove its damages on its successful claims prior to a final order, the court need not rule on the
17  appropriateness of a permanent injunction at this time.
18         It is therefore ORDERED that Chase's Motion for Summary Judgment (#102) is
19  GRANTED;
20         Chase shall present evidence of the damages it has suffered via motion within 20 days of
21  the entry of this order.  Further Chase shall present its argument for a permanent injunction
22  within the same motion should such relief still be requested.
23         DATED this 31st day of May, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE